LOUISVILLE & NASHVILLE RAILROAD v. W. C. TRENT.

RAILROAD. *Contract. Shipping stock.* A railroad company shipped a car of stock and the contract to ship provides: "And it is further agreed, that in case of accident to or delay of time from any cause whatever, the owners or shippers are to feed, water and take proper care of stock." The circuit judge charged that in all cases of unavoidable delay, the railroad was by the contract, obligated to feed and water the stock. This was error. The terms of the contract only provide that the owner or shipper shall feed and water the stock in certain defined emergencies, and does not undertake that, in all other cases the carrier shall do so.

---

FROM FAYETTE.

---

Appeal from the Circuit Court of Fayette county. T. J. FLIPPIN, J.

H. B. FOLK and H. C. MOORMAN for Railroad.

GEO. HARDIN for Trent.

TURNEY, J., delivered the opinion of the court.

In December, 1879, defendant in error shipped from St. Louis to Stanton, Tennessee, a car load of horses under a contract with the St. Louis & Cairo Short Line Railroad.

This suit is brought against the Louisville & Nashville Railroad, one of the connecting lines, to recover damages for injury sustained by the horses, and also an amount paid under protest for feeding the horses at Milan, Tennessee. Amongst others, the contract to

ship contains the following stipulations: "And it is further agreed,[3] that in case of accident to or delay of time from any cause whatever, the owners and shippers are to feed, water and take proper care of stock."

"And it is further agreed, that while the said contracting companies' employees shall provide the owner or person in charge of the stock, all facilities in trains or at stations for taking care of the same, the business of the said contracting companies shall not be delayed by the detention of trains to unload and reload stock, for any cause whatever," etc.

The court, in substance, charged the jury, that in all cases except of unavoidable delay, accident or collision, that the railroad companies were, by the contract, obligated to feed and water the stock.

This was error.

The language of the charge is too comprehensive. The terms of the contract only provide that the owner or shipper shall feed, water, etc., in certain defined emergencies, and does not undertake that, in all other cases the carrier shall do so. The latter is a question to be determined from all the facts of the case, and is not, in terms, provided for in the written contract for shipment.

Reversed.